UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTIGONI STAVRAKIS,

    Plaintiff,

v.                                                Case No.: 8:16-cv-2343-EAK-JSS

UNDERWRITERS AT LLOYD'S LONDON,

    Defendant.
_____

## ORDER

Before the Court are Plaintiff's motion for attorneys' fees and costs (Doc. 94) ("Motion") and Defendant's response in opposition to the same (Doc. 97) ("Response"). The Motion is **GRANTED IN PART AND DENIED IN PART**.

I.    **Background**

Plaintiff initiated this action by filing a civil complaint, which sought declaratory relief against Defendant, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on July 7, 2016. See (Doc. 2). Defendant removed the action to this Court on August 15, 2016. See (Doc. 1). After a bench trial, the Court found in favor of Plaintiff, and the Clerk accordingly entered Final Judgment on December 8, 2017. See (Docs. 89, 93). Plaintiff now moves for an award of $128,565.00 in attorneys' fees. See Motion at ¶6. Costs were previously taxed against Defendant in the amount of $1,558.25 on December 28, 2017. See (Doc. 96). Defendant challenges both Plaintiff's requested fee award and certain costs taxed by the Clerk. See generally Response.

II.    **Legal Standard**

"The Florida Supreme Court has adopted the federal lodestar approach for determining reasonable attorneys' fees." *Lumpuy v. Scottsdale Ins. Co.*, No. 8:11-cv-

2455-SCB-MAP, 2013 WL 4648500, at *1 (M.D. Fla. Aug. 29, 2013) (unpublished), *aff'd*, 580 F. App'x 807 (11th Cir. 2014) (citing *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1146 (Fla. 1985)). "Under the federal lodestar approach, the Court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* (citing *Norman*, 836 F.2d at 1303).

Further, in determining reasonable attorneys' fees, the Court also considers the following factors:

(1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;

(4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

(5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

> (8) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

See *Bell v. U.S.B. Acquisition Co.,* 734 So.2d 403, 406–07, 413 n.5 (Fla. 1999) (citing *Rowe,* 472 So.2d at 1150; R. Regulating Fla. Bar 4–1.5(b)).

As recognized by the Eleventh Circuit, however, "the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach,* 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley,* 461 U.S. at 436) (alterations in original). And because the Court "is itself an expert on the question [of attorneys' fees]" it "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)).

## III.  Discussion

Plaintiff contends that she is entitled to an award of attorneys' fees pursuant to Section 627.428 and/or Section 626.9373, Florida Statutes. As those sections are virtually identical, however, whether the fees are predicated upon Section 627.428 or Section 626.9373 is a distinction without a difference. *See* Fla. Stat. §§ 627.428 (applicable to "insurers"), 626.9373 (applicable to "surplus lines insurers"). And, in any event, Defendant does not contest Plaintiff's *entitlement* to attorneys' fees as the prevailing party.

What Defendant does contest, however, is the *amount* of attorneys' fees Plaintiff requests (*i.e.,* $128,565.00 for 285.7 total hours of work), in addition to some of the costs that Plaintiff has already been awarded. To that end, Defendant levies several general objections, which are set out in greater detail in the "Reduction Spreadsheet" attached to

Defendant's Response. *See* (Doc. 97-2). The Court will address each in turn, in addition to other issues relevant to the Court's determination.

**A. Pre-Suit Hours**

Defendant first contends that 6.7 hours expended by attorneys James Dowling and Gerasimos Theophilpoulos prior to filing suit are not compensable. *See* Response at 2–3; (Doc. 97-2 at 1–2). The Court agrees.

Although district courts in the Eleventh Circuit are not in complete accord, the general consensus appears to be thus: attorneys' fees for pre-suit legal work are not recoverable under § 627.428 and/or § 626.9373 unless the pre-suit work was necessitated by an insurer's unreasonable conduct. *See, e.g., Lumpuy*, 2013 WL 4648500, at *2 (concluding that pre-suit attorneys' fees could not be awarded under Section 626.9373); *Rowland v. Scottsdale Ins. Co.*, No. 8:11-cv-2774-VMC-TBM, 2012 WL 882552, at *1 (M.D. Fla. Mar. 15, 2012) (unpublished) (same); *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-SCB-TGW, 2010 WL 3119380, at *8–9 (M.D. Fla. Aug. 4, 2010) (unpublished) (concluding that pre-suit attorneys' fees could not be awarded under Section 627.428); *Wendel v. USAA Cas. Ins. Co.*, No. 8:08-cv-536-SDM-EAJ, 2009 WL 1971451, at *3 (M.D. Fla. July 8, 2009) (unpublished) (concluding that attorneys' fees are compensable "for pre-suit work necessitated by an insurer's unreasonable conduct"); *Dunworth v. Tower Hill Preferred Ins. Co.*, No. 05-14019-CIV, 2006 WL 889424, at *2 (S.D. Fla. Feb. 14, 2006) (concluding that pre-suit attorneys' fees could not be awarded under Section 627.428).

Here, Plaintiff's Motion makes no mention of "unreasonable conduct" on the part of Defendant necessitating any pre-suit work. Accordingly, the Court will reduce Dowling's compensable hours by 2.7 and Theophilpoulos's by 4.0.

### B. Duplicative, Excessive, Unnecessary, Improper, and Clerical/Non-Legal Work

Defendant next contends that many of Plaintiff's counsels' billing entries are duplicative, excessive, unnecessary, improper, and/or clerical/non-legal in nature. *See* Response at 3–4; (Doc. 97-2 at 2–14). As a result, Defendant seeks to reduce Plaintiff's compensable hours by more than 100 hours. The Court agrees with Defendant, but only in small part.

"In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours." *Lumpuy*, 2013 WL 4648500, at *2 (citing *Norman*, 836 F.2d at 1301–02). The Court may also exclude hours where "the description of the work performed is overly vague." *Wendel*, 2009 WL 1971451, at *3 (citing *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp.2d 1301, 1318 (M.D. Fla. 2003)). Furthermore, fees are appropriately reduced for "time spent on discrete unsuccessful claims, duplicated efforts, excessive meetings between attorneys, billing for administrative tasks, senior counsel's billing for legal research that could have been assigned to an associate or paralegal, and billing at full rates for non-legal tasks like travel and clerical functions." *St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 853 (11th Cir. 2005) (unpublished).

Defendant contends that Plaintiff improperly billed for multiple conferences between her attorneys, her attorneys' investigation of the scene of the incident giving rise to the litigation, "general" legal research conducted by her attorneys, duplicative,

5

excessive, unnecessary and/or improper tasks, and tasks that should have been performed by a paralegal or legal administrative assistant. *See* Response at 3–4.

The Court has reviewed the billing records, and the Court will reduce Dowling's compensable hours by 23.5 and Theophilpoulos's by 0.7, as detailed below:

| *Date* | *Attorney* | *Task* | *Hours Claimed* | *Reduction* | *Reason* |
|---|---|---|---|---|---|
| 8/13/2016 | Dowling | Receipt and review order to show cause | 0.1 | 0.1 | Plaintiff's fault necessitated Order |
| 8/15/2016 | Dowling | Prepare response to order to show cause | 0.2 | 0.2 | Plaintiff's fault necessitated Order |
| 8/15/2016 | Dowling | Receipt and review notice of removal | 1.0 | 0.5 | Excessive |
| 8/15/2016 | Dowling | Research remand | 4.1 | 1.0 | Excessive |
| 8/15/2016 | Dowling | Research remand | 4.1 | 1.0 | Excessive |
| 8/16/2016 | Dowling | Research remand | 1.1 | 0.5 | Excessive |
| 8/30/2016 | Dowling | Prepared and filed motion for remand | 3.4 | 2.5 | Excessive; clerical/non-legal |
| 9/8/2016 | Dowling | Receipt and review case law on discovery | 2.4 | 1.4 | Excessive; vague |
| 9/13/2016 | Dowling | Research response to motion for remand | 3.0 | 3.0 | Excessive; vague |
| 9/14/2016 | Dowling | Research affirmative defenses | 4.3 | 1.0 | Excessive |
| 9/15/2016 | Dowling | Prepare and serve response to | 0.5 | 0.5 | Plaintiff's fault necessitated Order |

6

| | | order to show cause | | | |
|---|---|---|---|---|---|
| 9/15/2016 | Dowling | Research defense | 3.0 | 2.0 | Excessive; vague |
| 12/7/2016 | Dowling | Research household | 3.1 | 1.0 | Excessive; clerical/non-legal; vague |
| 12/15/2016 | Theophilpoulos | Prepare and serve request for copies | 0.1 | 0.1 | Clerical/non-legal |
| 1/16/2017 | Theophilpoulos | Prepare and serve request for copies | 0.1 | 0.1 | Clerical/non-legal |
| 2/14/2017 | Dowling | Prepare and serve request for copies | 0.1 | 0.1 | Clerical/non-legal |
| 3/28/2017 | Dowling | Research household | 3.0 | 1.0 | Excessive; clerical/non-legal; vague |
| 6/5/2017 | Dowling | Review and file amended motion for summary judgment | 0.5 | 0.2 | Clerical/non-legal |
| 6/7/2017 | Dowling | Research household; review deposition | 2.0 | 0.5 | Excessive; clerical/non-legal |
| 6/7/2017 | Dowling | Research accident | 4.0 | 2.0 | Excessive; vague |
| 10/19/2017 | Dowling | Research trial brief | 3.0 | 1.0 | Excessive; vague |
| 10/19/2017 | Dowling | Review and file trial brief | 1.5 | 0.2 | Clerical/non-legal |
| 10/19/2017 | Dowling | Prepare exhibit folders | 2.5 | 2.5 | Clerical/non-legal |
| 10/19/2017 | Dowling | Prepare and serve request for copies | 0.1 | 0.1 | Clerical/non-legal |
| 10/26/2017 | Theophilpoulos | Go to crime scene to | 0.8 | 0.5 | Clerical/non-legal |

7

|           |         | take pictures and investigate the 2 units |     |     |                    |
|-----------|---------|-------------------------------------------|-----|-----|--------------------|
| 11/3/2017 | Dowling | Prepare and serve binders of exhibits     | 1.0 | 1.0 | Clerical/non-legal |
| 12/6/2017 | Dowling | Prepare and file final judgment           | 1.0 | 0.2 | Clerical/non-legal |

### C. Block Billing

Defendant also contends that several of Plaintiff's counsels' entries are improperly block billed. *See* (Doc. 97-2 at 11). The Court agrees.

"One basis for reducing the requested number of hours is the use of block billing, which refers to the practice of including multiple distinct tasks within the same time entry." *Hiscox Dedicated Corp. Member, Ltd. v. Matrix Grp. Ltd., Inc.*, No. 8:09-cv-2465-VMC-TGW, 2012 WL 2226441, at *4 (M.D. Fla. June 15, 2012) (unpublished) (quoting *Bujanowski v. Kocontes*, No. 8:08-cv-390-VMC-EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) (unpublished)). Generally, "[b]lock billing occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." *Id.* (quoting *Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012) (unpublished)). The problem with block billing is that it "results in 'imprecision' in an attorney's records . . . a problem for which the opponent should not be penalized." *Ceres*, 476 F. App'x at 203. To remedy this problem, the Eleventh Circuit, in an unpublished opinion, impliedly approved the use by district courts of across-the-board reductions in block billed hours to offset the ill effects of block billing. *Id.* (citing *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1378 (M.D.

8

Fla. 2010) (awarding no attorney's fees to block billed entries or significantly reducing the requested attorneys' fees); *Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *13 (S.D. Fla. July 1, 2008) (unpublished) (applying a twenty percent across-the-board reduction to block billed hours)); *see also, e.g., Hiscox*, 2012 WL 2226441, at *4 (applying a twenty percent across-the-board reduction to block billed hours); *Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *13 (S.D. Fla. Mar. 31, 2010) (unpublished) (applying a twenty-five percent across-the-board reduction to block billed hours).

Here, a review of the billing records reveals three block billed time entries:

| Date | Attorney | Task | Hours claimed |
|---|---|---|---|
| 11/4/2017 | Theophilpoulos | Trial preparation, review pleadings meet with Plaintiff and son, Steve Stavrakis, re testimony prep | 6.5 |
| 11/5/2017 | Theophilpoulos | Trial preparation, review transcripts, prepare direct examination and cross examination | 10.5 |
| 11/6/2017 | Dowling | Prepare for and attend trial | 8.0 |

*See* (Doc. 97-2 at 11). Upon consideration of those entries and relevant legal authority, the Court finds that a twenty percent reduction in the hours billed through those entries is

9

necessary. Accordingly, the Court will reduce Dowling's compensable hours by 1.6 and Theophilpoulos's by 3.4.

### D. Travel

Finally, Defendant contends that both time billed by Plaintiff's counsel and costs taxed by the Clerk for travel are not compensable. *See* Response at 4; (Doc. 97-2 at 13–14). The Court agrees.

As it relates to fees, travel is a non-legal task and thus not compensable. *See St. Fleur*, 149 F. App'x at 853 (holding that the district court did not abuse its discretion in reducing hours billed for, *inter alia*, travel time). A review of the billing records reveals two time entries by Theophilpoulos that improperly include travel time. Accordingly, the Court will reduce Theophilpoulos's compensable hours by 2.0, as detailed below:

| Date | Attorney | Task | Hours claimed | Reduction |
|---|---|---|---|---|
| 5/30/2017 | Theophilpoulos | Deposition in Lake Butler, FL of Philip Stavrakis including drive time | 3.7 | 1.5 |
| 11/6/2017 | Theophilpoulos | Driving time and attendance at trial | 5.1 | 0.5 |

As it relates to costs, Defendant contends that $6.70 in parking costs previously taxed by the Clerk are non-compensable. *See* Response at 4; (Doc. 97-2 at 13–14). "Even in diversity cases . . . the taxation of costs by a federal court is controlled by federal law rather than state law." *Wendel*, 2009 WL 1971451, at *6 (citing *Zunde v. Int'l Paper Co.*, No. 3:98-cv-439-HES, 2000 WL 1763843, at *5 (M.D. Fla. July 20, 2000) (unpublished); *Alea London, Ltd. v. Sea Garden Hosp. Mgmt., Inc.*, No. 6:06-cv-1683-

ACC-GJK, 2008 WL 89807, at *1 (M.D. Fla. Jan. 7, 2008) (unpublished) (awarding attorneys' fees under § 627.428 and costs under 28 U.S.C. § 1920); *Philip Ledington, Inc. v. Assurance Co. of Am.*, No. 2:06-cv-208-JES-SPC, 2007 WL 2714095, at *7 (M.D. Fla. Sept. 17, 2007) (unpublished) (same)). To that end, Federal Rule of Civil Procedure 54(d) permits recovery of those costs specifically enumerated in 28 U.S.C. § 1920. *See Arlington Cent. Sch. Bd. of Educ. v. Murphy,* 548 U.S. 291, 301 (2006).

> Section 1920 provides:
>
> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)–(6).

Costs for travel-related expenses are not included in Section 1920. Such costs, although diminutive in this case, are therefore non-taxable to Defendant, and are accordingly due to be removed from the Clerk's Bill of Costs.

### E. Hourly Rate

"An attorney's reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience, and reputation.'" *Wendel*, 2009 WL 1971451, at *2 (quoting *Norman*, 836 F.2d at 1299). "Federal courts determining a reasonable hourly rate under Florida law may also consider Rule 4–1.5(b) of the Florida Rules of Professional Conduct." *Id.* (citing *Alea London,* 2008 WL 89807, at *2; *Zunde*, 2000 WL 1763843, at *2 ("In order to properly determine the lodestar amount, a trial court should consider the criteria set forth in Rule 4–1.5(b) of the Florida Rules of Professional Responsibility.")).

Here, attorneys Barry Berger, Dowling, and Theophilpoulos each request an hourly rate of $450.00 per hour. In support, Plaintiff attached to her Motion affidavits executed by counsel. *See* (Docs. 94-3, 94-4). For their part, Berger and Dowling submit that they have been licensed to practice law in Florida for thirty-four (34) and thirty-five (35) years, respectively. *See* (Doc. 94-3 at ¶1). They further submit that they both practice exclusively in the area of first party insurance coverage litigation. *Id.* at ¶2. For his part, Theophilpoulos, who was coverage co-counsel for Plaintiff, submits that he has been licensed to practice law in Florida for twenty-three (23) years. *See* (Doc. 94-4 at ¶¶1–2).

In its response, Defendant makes no objection to Plaintiff's counsels' requested hourly rate. And in fact, in calculating what it contends is the appropriate fee reduction in this case, Defendant utilizes the $450.00 per hour figure. *See* (Doc. 97-2 at 14). Thus, Defendant tacitly concedes that Plaintiff's counsels' requested hourly rate is reasonable. Accordingly, having given the issue due consideration and keeping in mind its own knowledge of market rates, the Court finds that the evidence submitted by Plaintiff is competent to support her counsels' requested hourly rate of $450.00 per hour. *See Norman*, 836 F.2d at 1303 ("It is perfectly proper to award attorney's fees based solely on affidavits in the record.") (citations omitted).

### F. Multiplier

"Where a court awards attorneys' fees pursuant to § 627.428 [or § 626.9373] and 'a risk of nonpayment is established,' the court may apply a multiplier to increase the amount of the award." *Wendel*, 2009 WL 1971451, at *5 (quoting *Standard Guar. Ins. Co. v. Quanstrom,* 555 So.2d 828, 834 (Fla. 1990)). In determining whether a multiplier is necessary, the Court considers:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel;
>
> (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and
>
> (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

*Quanstrom,* 555 So.2d at 834. "Based on these factors, the court has discretion to apply a contingency fee multiplier from 1 to 2.5 with constraints based on the likelihood of success at the outset." *Wendel*, 2009 WL 1971451, at *5 (citations omitted).

Here, Plaintiff does not request a multiplier, nor does she otherwise offer evidence concerning any of the *Quanstrom/Rowe* factors. Thus, and without undertaking substantial and unnecessary analysis, Plaintiff has not demonstrated entitlement to a fee multiplier in this case.

### IV. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 94) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Attorney Barry Berger's total compensable hours remain unchanged, for a total of 21.9 hours.

Case No.:  8:16-cv-2343-EAK-JSS

2. Attorney James Dowling's total compensable hours are reduced by 27.8 hours, for a total of 137.2 hours.

3. Attorney Gerasimos Theophilopoulos's total compensable hours are reduced by 10.1 hours, for a total of 88.7 hours.

4. $450.00 per hour is a reasonable hourly rate for the services provided by attorneys Barry Berger, James Dowling, and Gerasimos Theophilpoulos in this case.

5. Plaintiff is awarded a total of $111,510.00 in attorneys' fees.

6. The Clerk is directed to amend the Bill of Costs (Doc. 96) to reflect a deduction of $6.70, for a total of $1551.55 in taxable costs.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 29th day of June, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record